(Hamilton County, Common Pleas Court.)

WILLIAM M. AMPT on behalf of the city of Cincinnati v. THE CITY OF CINCINNATI ET EL.

Where a tax payer has first applied to the corporation counsel to bring the suit, and upon his refusal brings suit to enjoin the city to prevent it from allowing the use of its streets to a company for certain purposes, he may join such company as defendant with the city asking an injunction against such company from using the streets for such purposes. This would not be joining separate causes of action against different defendants, and it would not be necessary to proceed by quo warranto to test such company's right to the use of its franchise.

There is no authority in our statutes for a city to grant by ordinance to a company the right to use the streets for laying pneumatic tubes therein for the purpose of carrying packages by means of compressed air and for supplying compressed air. Such use of the streets is not implied in by sec. 3471 Rev. Stat. authorizing cities to grant the use of its streets to companies for the purpose of supplying the public with electric light and power or automatic package carrier, nor in sec. 2651-17, sec. 1, authorizing municipal corporations to grant the use of its streets, etc., to lay pipes and drains to be used for the purpose of supplying its inhabitants with heat and power.

An ordinance is void as beyond the power of a city which in its terms grants to a company the use of the streets etc., to lay pneumatic tubes for an undetermined period of time without reserving in the city the privilege of regulating charges thereunder from time to time, and in failing to fix a maximum limit of charges, and which fails to prescribe the number, size, dimensions or material of the conduits or pipes to be laid, and the manner in which they shall be laid, or the depth under the surface of the streets, and which is exclusive.

(Decided May 16, 1899.)

---

S. W. SMITH, J.

In this case the plaintiff, as a tax payer of the city of Cincinnati, seeks to restrain the defendant city, its officers and agents, and the Cincinnati Delivery, Power and Refrigerating Company from the use of the streets of the city for the laying of pneumatic tubes by said company, for the purpose of carrying packages by means of compressed air, and supplying compressed air.

To this petition the defendants have filed a demurrer. The question, therefore, in the case involves the validity of a certain ordinance passed by the Board of Legislation of the city of Cincinnati on the 17 day of January, 1898, authorizing Thomas Quill, his heirs, associates, assigns or successors, to lay pipes in the streets of Cincinnati, to make connections therewith for certain purposes, under the terms therein stated, and under which said right after having been granted by the city was assigned to the defendant, the Cincinnati Delivery, Power and Refrigerating Company.

The first question raised to the plaintiff's petition on the demurrer is as to the capacity of the plaintiff to sue. The suit is brought under Revised Statutes 1777-1778. The plaintiff being a tax payer, and the Corporation Counsel of the city of Cincinnati having refused, on written request, to sue, the plaintiff would have under these statutes authority to bring such suit. The suit is for an injunction against the city, to prevent it from allowing the defendant company to use its public streets for certain purposes, and also to enjoin the company from using the streets for the purposes set out in the ordinance. It would seem, therefore, that the statute in relation thereto, where the corporation counsel has refused to

bring such a suit, is properly brought by the plaintiff, and this is the practice in such proceeding as is now before the court. (See Revised Statutes 1777-1778). Knorr v. Miller, 5 C. C., 609; Street Railroad Company v. Smith, 29 Ohio S., 299.

The second ground of demurrer is, that there are separate causes of action against different defendants, and that the proper proceeding would be to bring a suit in quo warranto against the defendant company, to test its right to operate the franchise granted it. This, however, is not necessary. The action be'ng one to enjoin the alleged misuse of the streets of the city, there is nothing improper in the way of pleading to make the city of Cincinnati, the defendant company, and all the parties against whom relief is sought, parties defendant.

The next question raised by the demurrer to the plaintiff's petition, is, that there is no legislative authority extant in Ohio, conferring upon the city of Cincinnati the right to pass this ordinance. The law under which the defendant company seeks to uphold the ordinance are sections 3471a and 2651-17, sec. 1, of the Revised Statutes.

Section 3471a of the statutes, which is in the chapter relating to magnetic telegraph companies, provides that: "All provisions of this chapter, so far as the same may be applicable, except section 3461, shall apply also to any company organized for the purpose of supplying the public and private buildings, manufacturing establishments, streets, alleys, lanes, lands, squares and public places with electric light and power or automatic package carrier"; and section 2651-17, sec. 1, provides: "Any municipal corporation may by ordinance use or grant the use of its streets, avenues, alleys, lanes and public places, to lay pipes and drains under the surface thereof, to be used for the purpose of supplying its inhabitants with heat and power, upon such terms as such corporation may deem proper.".

The general powers of a municipal-

ity outside of those specifically granted, are contained in section 1692, and it is a well settled principle of law that municipal as well as other corporations derive their power from the legislature, and can exercise none not confided to them. It is therefore necessary to determine whether by these statutes, the legislature has conferred upon the city of Cincinnati sufficient power to pass the ordinance and grant the franchise now before the court. There is no mention of an automatic package carrier in any section of the statutes except section 3471a; and the defendants' right to uphold the ordinance and franchise must be determined by section 2651-17, sec. 1, as to whether or not this section, which authorizes heat and power to be supplied to the inhabitants of a municipality can include within its terms such a use or grant as is contemplated by the ordinance in question. Counsel for the defendants cite the case of the city of Toledo v. The Northwestern Ohio Natural Gas Company 5 O. C. C , at page 557, as going to show that this section is broad enough to include within its terms, that which this company proposes to supply by this franchise, to-wit: compressed air, as coming within the terms, "heat and power". In that case the court concluded that this act, commonly called the heat and power act, was broad enough in its terms to cover the supplying of heat and power by means of natural gas, and therefore held that the city had authority to allow the use of its streets for the purposes named. But without coming to a definite conclusion as to whether or not compressed air might be used as a power as contemplated in that section, the court is of the opinion that the ordinance in question does not authorize the conveyance of compressed air as a power for the benefit of the inhabitants of the municipality as required by the terms of that section. The purpose of section 2651-17 is to supply the inhabitants of the municipality with heat and power. Under the ordinance before the court, there is nothing that requires the inhabitants of the city of

Cincinnati to be served with compressed air as a power, and if the purpose of conveying in pipes or through conduits, compressed air, is not for the service of the public, then section 2651-17 is not complied with; and the argument of counsel that in the working of the automatic package carrier system, when an individual applies for the transmission of a package, and that package is transmitted by compressed air, that thereby compressed air is supplied to that individual, it seems to the court to be fallacious, because, after all, it is simply the company furnishing to itself the means; to-wit: compressed air, to transmit packages of the various individuals who might apply for such transmission. In this connection, it might be well to consider the objects for which the corporation is organized, which are as follows: "Said corporation is formed for the purpose to build, acquire, operate, maintain, lease and own underground pneumatic systems for the purpose of supplying compressed air to consumers, and also for the further purpose of transmitting letters, messages, documents, parcels, packages, and other things movable, by the use of compressed air, electricity or other motive power which may be applicable to such, and sustain, lay, maintain and connect pipes, tubes and other appliances therefor through the streets, alleys, avenues and public places of Cincinnati, Hamilton county, Ohio, and acquire rights of way, and to do things incident to said business, and all things requisite to the prosecution thereof." In other words, it proposes to furnish for a compensation to such as may pay this compensation the instrumentality by means of which they may subserve the public interest, and it is evident that what the company proposes to do is for the benefit of the company itself, and not for a public purpose. The ordinance, therefore, the court is of opinion is not within the terms of section 2651-17; and this section being for the transmission of heat and power specially named in that statute, this section would not include the business of transmitting

packages, articles, merchandise etc. See State v. Murphy 134 Mo., 548.

Plaintiff further makes the claim that if the city had power to pass the ordinance in question, nevertheless such ordinance is invalid and void because of its unreasonable terms and provisions. It is well understood as a matter of law that ordinances must be reasonable (Dillon on Municipal Corporations, sections 319-321) and that the reasonableness is a question for the court. Plaintiff claims that the grounds for the unreasonableness of the ordinance are the following:

First. It is for an undetermined period of time.

Second. Is unreasonable in its provisions in not reserving in the city the privilege of regulating charges thereunder from time to time, and in failing to fix a maximum limit of charges.

Third. In failing to prescribe the number, size, dimensions or material of the conduits or pipes to be laid, and the manner in which they shall be laid, or the depth under the surface of the streets.

Fourth. And that is is exclusive.

First, the time named in the ordinance is for such length of time as the public shall be served by the delivery, power etc., and for such length of time as it shall pay to the city as provided in said ordinance, to-wit: for the first year after the expiration of said three years, an amount equal to one per cent., the second year an amount equal to two per cent., the third year, an amount equal to three per cent., and the fourth year, an amount equal to four per cent. of the gross revenues or receipts of said company, and thereafter annually an amount equal to five per cent gross of the revenues and receipts of said company In this particular it would seem that under this ordinance the franchise would be perpetual, and if such is the case, if the city surrenders the control over its streets, then the city has done an act ultra vires. A municipality has not the power to make an irrevocable grant of the use of its streets; for it is intended by the statute in force to leave the control and regulation of streets within the legislative power of

[COPYRIGHT, 1899, BY CARL G. JAHN.]

the municipality. Section 2640 provides for this: "The council shall have the care, supervision and control of all public highways, streets, avenues, alleys, sidewalks, public grounds and bridges within the corporation, and shall cause the same to be kept open and in repair and free from nuisance." And such a grant without any limitation as to time upon it is in its nature perpetual; and if such a grant is made, and contracts entered upon thereunder, it can not be modified or changed unless there are direct provisions for so doing in the grant itself. See Milhan v. Sharp 27 N. Y., 622.

Second, as to charges. It would seem that there should be a maximum rate to be charged the public for the services contemplated to be rendered under the ordinance. There is no rate of charges fixed in the ordinance, and it would seem to be against public policy and against the best interests of the public for the city to grant the use of its streets for the purpose mentioned in the ordinance, without at the same time having a guarantee or promise on the part of the company that the public would be protected against too high rates or over-charges. Rates of fare, price of light, price of gas, are all regulated by statute and by the proper authorities, and for such purpose as this ordinance is passed it would seem that some fixed rate of charges should be made, otherwise it might result in such high rates being charged that discrimination might be had, and instead of the public being served, it would result in only service to a few. Charges should be fixed and the same rates should exist in favor of all citizens. It seems therefore to the court that such a provision is a reasonable one, and for an ordinance such as this not to contain a provision of this kind is unreasonable.

Third, as to failing to prescribe the number, size, dimensions or material of the conduits or pipes to be laid, and the manner in which they shall be laid, etc., the court is of opinion that these different requirements should have been included in the ordinance. The ordinance, provides specifically that the construction, repair and maintenance of the appliances and fixtures shall be under the supervision and direction of the board of city affairs, and shall be tested before they are operated, but nowhere provides as to what the size, or the material of the conduits shall be, nor what the depth in the street is to be at which they shall be all laid. There is nothing in the ordinance to limit the defendant company in its construction of the conduits and subways as to their size. They may be large or small. The conduits may contain but one or two pipes for the transmission of compressed air or packages which would be wholly inadequate for the use of the public; or, on the other hand, the conduits may be so large, and contain such a number of pipes as would be entirely unreasonable and would incommode and interfere with other rights and franchises heretofore granted by the city for public purposes, or that might hereafter be granted for such purposes; and where the city parts with certain rights in the use of streets such as is contemplated by the ordinance in question, it does not seem unreasonable to require, or insert in the ordinance the details necessary to a complete conduit system, so that the city itself may know beforehand exactly what is to be built, in order that it might protect itself from abuses that might arise by reason of unreasonable construction on the part of the grantee of such grant

Fourth, the objection is also made, that the grant is an exclusive one. As is claimed by the plaintiff, and as heretofore set out, the grant to the defendant company being for an unlimited period of time, the right has been granted to occupy space beneath the surface of the streets in the city perpetually, to the practical exclusion of all other public uses. There is no provision in the ordinance providing that any other automatic package carrier company or any other company furnishing compressed air or power should have the right to use the conduits of the defendant company. Of course the ordinance is not exclusive in the sense that no other company for the delivery of compressed air or

automatic package carrier company could not use the streets, but exclusive in the sense that every other such company is excluded from the use of its own pipes, conduits and subways, to whom similar rights might be granted by the city. As decided in the case of Street Railway Company v. Smith, 29 Ohio St., 291, a franchise in the street conferred upon a street railway company, which provides that no other company shall use its track without the grantee's consent, was decided to be exclusive and void. Certainly, if under this ordinane there is nothing providing for the use of these subways or conduits by any other grantees, surely after the right has once been acquired, and the conduits been laid and put in use by the present grantee, such company would not give the privilege to any similar company; and unless such a provision is made by the city in the ordinance in the first instance, the city can not thereafter compel such grantee to allow others to use jointly their conduits, pipes, etc. Such requirements are made of street railroad companies, telegraph companies and telephone companies, and would seem to be right and reasonable.

The court is therefore of opinion for the reasons herein set out, that the ordinance in question is void, and the prayer of the petition will be granted and injunction allowed.

W. M. Ampt, for Plaintiff.

Ellis G. Kinkead, Corporation Counsel, for City of Cincinnati.

Herbert Jenney and Thomas C. Campbell, for the Cincinnati Delivery, Power and Refrigerating Co.